## G. W. Brooks v. The State.

### No. 4746.   Decided December 12, 1917.

**Hog Theft—Insufficiency of the Evidence.**

Where, upon trial of theft of a hog, there was no evidence connecting the defendant with the killing of the hog, or that the original taking thereof was fraudulent, the conviction could not be sustained.

Appeal from the District Court of Polk.   Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of hog theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of hog theft, his punishment being assessed at two years confinement in the penitentiary.

The evidence discloses that McKinnan owned a boar about three years of age and which seems to have been a noted hog in the community.   There were some peculiarities about the head of the hog which became of some importance in the testimony.   His tusks were somewhat prominent and could be seen by looking at the hog from a distance.   That McKinnon owned a hog of that description is not questioned, and that appellant took the hog up and put it in his pen at his home is also not questioned.   Appellant took up the hog some time the latter part of August and it was seen there by a number of witnesses in appellant's possession, who, upon being asked about the hog, stated it belonged to McKinnon and that he had taken it up to protect his crop, claiming authority from McKinnan so to do.   McKinnon, however, denied giving appellant authority to take up this particular hog, but gave him permission to take up others that were depredating on his crop.   Appellant's testimony agrees with his statement to the neighbors with reference to his possession.   Appellant also testified, as did members of his family, that the hog was turned out after the crop was gathered, and all of his testimony denies that he killed the hog.   The State seems to rely on the fact that the disappearance of the hog could only be accounted for by reason of the fact appellant killed him; and there was a head of a hog found some time in October, the formation and tusks of which resembled the head of the hog belonging to McKinnon.   The head was dry and the ears were gone.   In fact, it seems to have been but a skull, and it was found some distance from appellant's home.   Objection was made to the introduction of this evidence unless it was otherwise identified or shown to be the head of the alleged stolen hog.   The court rather sustained

this or stated at the time the objection was made that the testimony with reference to the head found would not be admissible. This is shown by the statement of facts, and there seems to be no further evidence with reference to the identification of the head. The jury was not instructed to disregard this testimony, and it stands in the attitude above stated. The testimony is full in detail with reference to the hog and its description, but the case depends upon the original taking.

If appellant took the hog for the purpose of protecting his crop and subsequently appropriated it, there could be no theft. The State introduced the statement of appellant to the effect that he did so take it. The appellant testifies he did and subsequently turned the hog out. There is no evidence that he killed the hog, and if he did it could not be theft unless the original taking was fraudulent. We are of opinion this testimony does not show a taking of the hog fraudulently, and it shows if the killing occurred, it was long after the original taking; and this would not relate back to fraudulent taking and connect with the original taking, even if appellant subsequently appropriated the hog. There seems to be no testimony amounting to anything that appellant killed the hog, unless it is found in the fact that the hog disappeared and was last seen in his possession. Under these facts we are not satisfied that this judgment ought to be affirmed, and it is ordered to be reversed and the cause remanded.

*Reversed and remanded.*